## WARD v. HEBBRONVILLE STATE BANK et al. (No. 7595.)

(Court of Civil Appeals of Texas. San Antonio. June 16, 1926.)

**1. Garnishment ⟞⟞56.**

Where holder of note delivered draft to bank for collection, with instructions to pay proceeds to maker of note, who agreed to pay note therefrom, proceeds became property of maker, and subject to garnishment.

**2. Appeal and error ⟞⟞1175(2).**

Where facts are fully developed, appellate court need not remand on reversal, but may render.

Appeal from Jim Hogg County Court; A. M. Brumfield, Judge.

Action by Thomas H. Ward, receiver, against Dan Hightower, in which the Hebbronville State Bank was garnished, and in which one Yaeger intervened. From judgment for intervener, plaintiff appeals. Reversed and rendered.

John S. Morris, and Gordon Gibson, both of Laredo, for appellant.
Neal A. Brown, of Edinburg, and Dan Hightower, of Hebbronville, for appellees.

COBBS, J. [1] Appellant garnisheed the appellee on a judgment held against Dan Hightower, the judgment debtor, for $384.25. Appellee answered that it held $25.69 on deposit for Dan Hightower, and that it held $148.73 proceeds of a draft deposited by Stro-

man and Yaeger, which they had previously ordered paid to Dan Hightower.

About the 15th of October, 1924, the judgment debtor, Dan Hightower, executed his note to appellee Yaeger for $100, and upon which note Yaeger intervened in this suit. Upon request the court made the following findings:

"(1, 2) That plaintiff's judgment in the sum of $384.23 was unpaid.

"(3–5) That the bank was indebted to Hightower in the sum of $25.69 (the amount of the deposit).

"(6) That, prior to the date said writ of garnishment was served, Stroman and Yaeger sold an oil and gas lease upon certain lands to the Rycade Oil Company, of Houston, Tex., and that said Stroman and Yaeger undertook to pay to judgment debtor Hightower $148.13 as a part of the commission for negotiating the sale, and that there were several other persons interested in said commission. That judgment debtor Dan Hightower made a written memorandum of the amounts payable to each person, including the sum of $148.73 to himself. That Stroman and Yaeger then drew a draft upon the Rycade Oil Company of Houston, Tex., and deposited the same for collection with the Hebbronville State Bank, and instructed said bank to pay to each of said persons the amounts shown on the memorandum made by said judgment debtor Hightower. That before the payment of the draft, the garnishment in this case was served, and before the date the garnishee was required by law to answer, the draft was paid, and the bank paid out the proceeds of said draft to the persons named in the memorandum above referred to, except the amount payable to Hightower, which garnishee passed to a cashier's check payable to itself, for benefit of the judgment debtor Hightower.

"(7) That Yaeger held Hightower's note for $100 past due and unpaid.

"(8) That prior to the garnishment Hightower agreed with Yaeger that he would pay the $100 note, together with interest, out of the money earned as commission on the sale above referred to, and he (Hightower) authorized intervener Yaeger to apply so much of the money as necessary to liquidate the note.

"(9) That Stroman and Yaeger gave the instructions to the bank, as above set out, before the levy of the garnishment, that the bank carried out said instructions, and that Yaeger made no attempt to change the same.

"(10) That Yaeger never surrendered the note to the judgment debtor, and that the money held by the garnishee was, on the date of its answer, held solely for the benefit of Hightower, the judgment debtor.

"The court, in this state of the record, held that the law was with the intervener, and rendered judgment in his favor against the bank and plaintiff for $107.67, the amount of the note, awarding the balance to plaintiff, after deducting costs,"

—from which judgment Thomas H. Ward, receiver, appealed.

The garnishee admitted that it was indebted to the judgment debtor, first in the sum of $25.69, and then for $148.73, being the amount of the proceeds of the Stroman and Yaeger draft which the bank was instructed by them to place to the credit of the judgment debtor. By reason of those instructions given when they delivered to the bank the draft for collection, they placed that sum of money beyond their control, and it became the property of the judgment debtor in the bank as a trust fund, and, while so held, the garnishment was issued, and process served on the bank. These facts were recited in the answer of the garnishee as well as established by other facts, and, as said in Nelson v. Winters State Bank (Tex. Civ. App.) 138 S. W. 1082, it entitled appellant to judgment against the bank, regardless of any claim intervener may have. The court found that the money was held for the sole benefit of the debtor subject to the writ.

As said in Hall v. Nunn Electric Co. (Tex. Civ. App.) 183 S. W. 13:

"It is a fundamental rule that the plaintiff in garnishment steps into the shoes of his judgment debtor—if nothing is owing to the latter, the former of course, is entitled to nothing. A writ of garnishment appropriates whatever the garnishee owes at the time of the service of the writ and at the time of the garnishee's answer."

[2] So, when the trial court found that the garnishee was indebted to the debtor, therefore, by virtue of the writ of garnishment, appellant stepped into the shoes of the debtor, and the judgment should have run in his favor, as appellee had no lien on the fund. It is apparent in this case that the facts have been fully developed, which renders it unnecessary to remand this case for another trial; therefore the judgment of the trial court in favor of appellee is reversed, and we will here render the proper judgment in favor of appellant Thos. H. Ward, receiver, for the full sum of $174.32.

Judgment is reversed and rendered.